# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**PENSACOLA FIREFIGHTERS' RELIEF
PENSION FUND BOARD OF TRUSTEES,**
        **Plaintiff,**

**vs.**                                     **No. 3:09cv53/MCR/MD**

**MERRILL LYNCH PIERCE FENNER
& SMITH, INCORPORATED,**
        **Defendant.**

_____

## ORDER

Before the court is plaintiff's motion to compel (doc. 50). Defendant has responded (doc. 56) and the parties have subsequently filed a status report on their discussions toward resolving their differences (doc. 60). A hearing has now been held to resolve the remaining issues.

In this action plaintiff, a public pension fund, contends that its retained adviser, defendant Merrill Lynch, breached its fiduciary duties and defrauded the fund by not disclosing certain conflicts of interest and thereby enriching itself at the plaintiff's expense, among other things. Specifically, plaintiff alleges that defendant, through its internal consulting service headed by Michael Callaway in defendant's Jacksonville, Florida and later Ponte Vedre, Florida offices (the Callaway Team), had relationships with approximately one hundred pension funds in Florida. The defendant, through the Callaway Team, allegedly committed fraud in recommending that the various funds use specific money managers to handle trades

for them.  Unknown to the funds and not disclosed by defendant was a web of transactions in which the various money managers, even while under-performing, gave all their business to defendant, thereby generating a large amount of transaction fees for defendant at the expense of the funds.  Because these managers were generating large fees for the defendant, defendant did not recommend to the funds that they use different managers, and further failed to properly exercise its fiduciary duty of putting the funds' interests above its own.

Plaintiff seeks documents that defendant presented to the other public pension funds that were advised by the Callaway Team.  It says that a review of presentations and recommendations made to the other funds are discoverable because they would tend to show a pattern and practice of fraud.  Defendant contends that its dealings with other public pension funds are irrelevant.  It also argues that producing that volume of documents would be burdensome, and that, in any event, plaintiff will be able to get the documents in due course because most, if not all, of the public pension funds in Florida have sued or are going to sue Merrill Lynch for the same reasons alleged here.  Defendant also argues that the law firm representing plaintiff here already represents approximately twenty of the other funds and can get documents from its own clients.  As to the latter, plaintiff's counsel informed that court that many of the funds do not have complete records.

With respect to the merits, defendant's objections are not well taken.  First, its objections are little more than boilerplate.  It claims that the requests are vague without pointing to any vagueness in the requests; it claims the requests are unduly broad and unduly burdensome without quantifying, or estimating, either in time or money, what the burden might be; and it claims that the requested material would not lead to admissible evidence.  Defendant also erroneously complains that the requests are unlimited in geographic and temporal scope.  Actually the geography is confined to Florida and to a particular entity, the Callaway Team, and the amended complaint describes the period from 2001 through mid-2007, which is a reasonable

period for the requested discovery. As to the relevance issue, the Committee Notes to the 2000 amendments to Fed.R.Civ.P. 26 state that relevance "cannot be defined with precision[,]" but that other incidents of the same type could be properly discoverable. Here, if indeed there were other incidents of the same type, it is reasonably possible that the Callaway Team recommended a particular money manager to a particular fund as a reward to that manager for executing its trades from another fund. Plaintiff wants to cut through the web and determine whether such cross-dealings were present. The amended complaint sufficiently outlines allegations to support such discovery.

Defendant also claims privilege, presumably based on the attorney/client privilege and the work product privilege. Counsel were earlier informed that the undersigned does not favor the release of privileged documents (doc. 54). However, the court's reticence does not excuse the failure to file a Fed.R.Civ.P. 26(b)(5) privilege log, which was not done here. Therefore, at least as to these requests, the court holds that any claimed privilege has been waived, *see Mullins v. Encore Senior Living II, LLC*, 2007 WL 4098851 (N.D. Fla. 2007) and cases cited therein, and the objections are overruled except as discussed below.

The court recognizes that producing all the documents from all the other funds would be burdensome given the discovery time limits in this case, and finds that, at least for the present, a representative sample of presentations made and documents to and from the other funds will be sufficient. There are three money managers that plaintiff says were particularly involved in the alleged fraud, and plaintiff wants to examine records from funds that used these managers. The managers were identified at the hearing as "Davis, Hamilton," "DZR," and "Trustco."[1] Defendant will therefore identify the funds that used these managers (as

---

[1]Apparently some of the names changed over time. Counsel are nevertheless aware that they are in a position to identify the money managers by their correct legal names.

described fully below) and plaintiff's counsel will choose ten of that number for examination.

Accordingly, it is ORDERED as follows:

1.      Plaintiff's motion to compel with respect to request for production nos. 5, 15(a), 15(b),15(h), 24 and 28 is granted in part.  No later than November 25, 2009, defendant shall identify to plaintiff all public pension funds it dealt with through the Callaway Team in the order as follows: (1) the funds that used Davis, Hamilton, DZR and Trustco as their money managers, (2) the funds that used two of these three as their money managers, and (3) the funds that used at least one of these three as their money managers.  No later than November 30, 2009, plaintiff shall choose ten funds from the foregoing list, and so inform defendant.  Thereafter, defendant shall have until December 31, 2009 to produce to plaintiff the documents pertaining to the ten chosen funds as requested in the numbers identified in the first sentence of this paragraph.

2.      Plaintiff's motion to compel with respect to request no. 11 is denied.

3.      The issues raised in request for production nos. 13, 14, 15(c) and 15 (e)[2] are taken under consideration.  Defendant shall have until November 25, 2009 to file a memorandum in response to the authority provided to the court by plaintiff at the hearing.  Plaintiff may then reply if it so elects no later than December 4, 2009.

4.      The matter of sanctions will be taken up when the issues identified in paragraph 3 are resolved.

DONE AND ORDERED at Pensacola, Florida this 18th day of November, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]Without ruling on the main issue, the court agrees that request no. 15(e) is overbroad, and limits any response to that request to documents concerning defendant's dealings with Florida pension funds.

*Case No: 3:09cv53/MCR/MD*